UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICCHEAT SIM,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 1:26-cv-02916 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff Viccheat Sim, through his undersigned counsel, submits this Complaint for declaratory and injunctive relief against Defendants United States Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE") for violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for unlawfully withholding certain information with respect to Plaintiff's request for records related to the death of his father, Mr. Lorth Sim, while detained at Miami Correctional Facility in Bunker Hill, Indiana. In support, Plaintiff alleges:

**Jurisdiction and Venue**

1. Because this action arises under FOIA against an agency of the United States, this court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B).

2. Venue is proper in this District under 28 U.S.C. § 1391(e) and 5 U.S.C. § 522(a)(4)(B) because this is the district in which the Defendants reside and in which the agency records are situated.

**Parties**

3. Plaintiff Viccheat Sim resides in New Hampshire. He is the son and next of kin of Lorth Sim, an individual held by Defendants at Miami Correctional Facility in Bunker Hill, Indiana at the time of his death. Mr. Sim died in Defendants' custody on February 16, 2026.

4. Defendant ICE is a component agency within DHS and an agency of the United States government within the meaning of 5 U.S.C. §§ 551, 552(f), and 702. ICE is headquartered in this District. ICE has possession, custody, and control of the records Plaintiff seeks, which ICE and Indiana Department of Corrections ("IDOC") assert are ICE records. An Intergovernmental Services Agreement ("ISGA") between ICE and IDOC requires IDOC to coordinate with ICE prior to disclosing ICE records. *See* Ex. A (Miami IGSA) at Art. 22(A).

5. Defendant DHS is an agency of the United States government within the meaning of 5 U.S.C. §§ 551, 552(f), and 702. DHS has possession, custody, and control of the records that Plaintiff seeks, including through its component office ICE.

**Statutory Framework**

6. FOIA promotes government transparency and accountability by allowing the public to request documents and information from federal agencies. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). FOIA ensures "an informed citizenry, vital to the functioning of a democratic society, needed as a check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978); *see also Hum. Rts. Def. Ctr. v. United States Park Police*, 126 F.4th 708, 713 (D.C. Cir. 2025) (observing FOIA's overarching purpose is for "citizens to know what their government is up to") (cleaned up).

7. FOIA mandates the "broad disclosure of Government records" and "generally commands that government agencies . . . shall make requested records promptly available to any

person." *Jigsaw Prods., Inc. v. U.S. Sec. & Exch. Comm'n*, 824 F. Supp. 3d 56, 59 (D.D.C. 2026) (citation omitted). The Act requires "*full* agency disclosure unless information is exempted under clearly delineated statutory language." *U.S. Dep't Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994) (citations omitted) (emphasis supplied).

8. FOIA contains nine exemptions permitting an agency to withhold certain information in certain limited circumstances. But these exemptions "are to be narrowly construed," *Public Citizen, Inc. v. Robber Mfrs. Ass'n*, 533 F.3d 810, 813 (D.C. Cir. 2008), and the "strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *Hum. Rts. Def. Ctr.*, 126 F.4th at 713. Furthermore, "th[ese] 'limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the act.'" *Id.* at 712–13 (citation omitted).

9. One of the nine exemptions permitting an agency to withhold information is 5 U.S.C. § 552(b)(7)(A), which authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." For this exemption to apply, "the information must meet the 'law enforcement purposes' threshold," which "protects from disclosure 'records or information compiled for law enforcement purposes' to the extent that disclosure would cause a harm enumerated in Exemption 7's subsections." *Transgender L. Ctr. v. United States Immigr. & Customs Enf't*, 775 F. Supp. 3d 131, 155 (D.D.C. 2025) (quoting 5 U.S.C. § 552(b)(7)). "In assessing this threshold, the 'focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate[] to anything that can fairly be characterized as an enforcement proceeding.'" *Id.* (citation omitted).

10. A district court has jurisdiction to enjoin an agency from withholding records and to order production of records that are subject to disclosure. *See* 5 U.S.C. § 552(a)(4)(B).

**Factual Background**

11. On December 30, 2025, Lorth Sim, a 59-year-old immigrant from Cambodia, surrendered himself into ICE custody after receiving a Notice of Revocation of Release by walking into the lobby of ICE's regional field office in Boston, Massachusetts ("ICE Boston"). Mr. Sim was immediately detained upon entering the building.

12. Mr. Sim was kept in a holding room at ICE's Boston field office for six days, over the New Years Eve and New Years Day holidays.

13. On January 5, 2026, ICE transferred Mr. Sim from Boston to the custody of ICE's Chicago division. Mr. Sim was transported directly from ICE Boston to Miami Correctional Facility ("Miami") in Bunker Hill, Indiana.

14. Miami detains immigrants on ICE's behalf pursuant to an IGSA between ICE and IDOC. Ex. A. The IDOC operates Miami.

15. Mr. Sim was diagnosed with Type II Diabetes and had been prescribed metformin to treat his illness. Upon information and belief, Mr. Sim notified medical staff at Miami of his history of diabetes and that he had previously received medication and other treatment for his illness.

16. Mr. Sim died on February 16, 2026 while in ICE custody at Miami.

17. A postmortem examination was performed on Mr. Sim. The forensic pathologist who conducted the examination reported Mr. Sim's cause of death as atherosclerotic cardiovascular disease with other significant conditions of diabetes mellitus. The examination noted that Mr. Sim's glucose levels were markedly elevated in the hours preceding his death.

18. Upon information and belief, Mr. Sim did not receive metformin, or any other medication, to treat his diabetes while in ICE custody.

The April 8, 2026 FOIA Request

19. On April 8, 2026, Plaintiff issued a FOIA request to Defendants via ICE's designated request portal seeking any and all investigative documents and reports pertaining to the death of his father while in ICE custody. Ex. B.

20. Plaintiff received a pro forma processing letter from ICE on May 20, 2026, acknowledging receipt of the request and assigning the case number 2026-ICFO-23202. Ex. C. That response did not deny or grant Plaintiff's request.

21. On May 26, 2026, Plaintiff received a response. The response stated Defendants had denied the request in its entirety, invoking an exemption pursuant to 5 U.S.C. § 552(b)(7)(A). Ex. D.

22. Plaintiff appealed Defendants' denial on July 14, 2026. Ex. E. The basis for the appeal was that the requested documents did not fall within the narrow purview of Exemption 7(A), which permits the withholding of documents "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7)(A).

23. On July 15, 2026, Plaintiff received a pro forma processing letter from ICE acknowledging the appeal and assigning appeal case number 2026-ICAP-00515. Ex. F. That response did not address the merits of Plaintiff's appeal.

24. On August 11, 2026, Defendants sent Plaintiff a final decision letter denying the appeal and withholding the requested records in full. Ex. G. The letter stated that the decision was ICE's final decision concerning Plaintiff's FOIA request, that the matter had been administratively

exhausted, and that Plaintiff may obtain judicial review pursuant to the provisions of 5 U.S.C. § 552(a)(4)(B) in federal court. *Id.*

The May 28, 2026 FOIA Request

25. On May 28, 2026, Plaintiff submitted a revised FOIA request through the designated portal to Defendants seeking all records pertaining to Mr. Lorth Sim while in ICE custody in both Boston, Massachusetts and Bunker Hill, Indiana. Ex. H.

26. Plaintiff received a pro forma processing letter from ICE on June 2, 2026, acknowledging receipt of the request and assigning the case number 2026-ICFO-28938. Ex. I. That response did not deny or grant Plaintiff's request.

27. On July 14, 2026, Plaintiff received a response to his request stating that Defendants had denied the request in its entirety pursuant to 5 U.S.C. § 552(b)(7)(A). Ex. J.

28. Plaintiff appealed Defendants' denial on July 14, 2026. Ex. K. The basis for the appeal was that the requested documents did not fall within the narrow purview of Exemption 7(A). Specifically, Plaintiff explained that his father's medical records were not prepared for law enforcement purposes.

29. On July 15, 2026, Plaintiff received a pro forma processing letter from ICE acknowledging the appeal and assigning appeal case number 2026-ICAP-00516. Ex. L. That response did not address the merits of Plaintiff's appeal.

30. On August 11, 2026, Defendants sent Plaintiff a final decision letter denying his appeal and withholding the requested records in full. Ex. M. The letter stated that the decision was ICE's final decision concerning Plaintiff's FOIA request, that the matter had been administratively exhausted, and that Plaintiff may obtain judicial review pursuant to the provisions of 5 U.S.C. § 552(a)(4)(B) in federal court.

**Exemption 7(A) Does Not Apply to the Requested Documents**

31. Defendants are withholding documents responsive to Plaintiff's two FOIA requests on the same basis, having determined that all of the documents requested constitute "records or information compiled for law enforcement purposes" and that their "release could reasonably be expected to interfere with law enforcement proceedings" such that they may be lawfully withheld pursuant to Exemption 7(A). Ex. G, M.

32. In defense of that determination, Defendants contend that "there remains an ongoing, active investigation related to the records [Plaintiff] seek[s]." *Id.* Specifically, Defendants claim that "the records at issue concern the death of Lorth Sim and were compiled as part of ICE's law enforcement inquiry into the circumstances surrounding his death[.]" *Id.*

33. The assertion that all of the records requested were compiled as part of ICE's law enforcement inquiry into the circumstances following Mr. Sim's death is false.

34. Plaintiff requested Mr. Sim's central file, medical records, and disciplinary and grievance records. Ex. H.

35. None of these categories of documents were prepared or compiled as part of ICE's law enforcement inquiry into the circumstances following Mr. Sim's death. Namely, each of these categories of documents were prepared prior to Mr. Sim's death and were maintained in the ordinary course of his detention and medical care while in ICE custody.

36. Additionally, Defendants claim that, "because the matter concerns an ongoing death investigation, disclosure of the requested records at this stage could reasonably be expected to interfere with ICE's continuing review of the circumstances surrounding Mr. Sim's death." Ex. G, M.

37. Defendants' claim that the disclosure of all of the requested documents could be expected to interfere with any alleged ongoing investigation is false. The disclosure of a deceased individual's central file, medical records, and disciplinary records to his son would have no effect on any alleged ongoing review of Mr. Sim's death, not least because these records were all prepared in advance of, and independent from, his death.

38. Finally, Defendants claim that the requested records "cannot be segregated because the factual material contained therein is inextricably intertwined with the investigatory material and any disclosure would tend to reveal the focus, scope, direction, or strategy of this ongoing investigation." *Id.*

39. Defendants' claim that no category of documents requested by Plaintiff is segregable from investigatory material is false. Namely, Mr. Sim's central file, medical records, and disciplinary and grievance records are segregable from any material relating to the alleged ongoing investigation into Mr. Sim's death. These categories of documents were prepared prior to Mr. Sim's death and independent from any investigation into his death. As such, their disclosure would have no effect on revealing the scope, direction, or strategy of any alleged ongoing investigation.

## COUNT I
## Violation of 5 U.S.C. § 522(a)(3)(A)-(D)
## Failure to Make a Reasonable Effort to Search for and Release Records

40. Plaintiff Viccheat Sim reincorporates and realleges paragraphs 1 through 39 above as if fully set forth herein.

41. Plaintiff has a statutory right to have Defendants produce responsive agency records in a way that complies with FOIA.

42. Plaintiff properly submitted his FOIA requests, seeking records within the possession, custody, and control of Defendants.

43. Defendants are obligated under 5 U.S.C. § 522(a)(3)(C) to conduct a reasonable search for documents responsive to Plaintiff's requests.

44. Defendants are obligated under 5 U.S.C. § 522(a)(3)(A) to produce records responsive to Plaintiff's requests that do not fall within one of FOIA's narrow exemptions.

45. Defendants have refused to produce any responsive documents on the basis that 5 U.S.C. § 522(b)(7)(A) allows the withholding of documents responsive to Plaintiff's requests.

46. 5 U.S.C. § 522(b)(7)(A) does not apply to allow withholding of the requested documentation because the requested documents were not prepared for law enforcement purposes nor would the disclosure of the requested documents be reasonably expected to interfere with law enforcement proceedings.

47. There is no legal basis for Defendants' refusal to produce the requested documents.

48. As a result of Defendants' failure to conduct an adequate search and to produce responsive materials requested by Plaintiff, they have violated 5 U.S.C. § 522(a)(3)(A)-(D) and its corresponding regulations.

49. Unless enjoined by this Court, Defendants will continue to violate Plaintiff's statutory rights to receive records under FOIA.

50. Plaintiff is entitled to obtain the requested records immediately at no cost.

51. Plaintiff is entitled to reasonable costs of litigation, including attorney's fees, pursuant to 5 U.S.C. § 522(a)(4)(E).

**Requested Relief**

WHEREFORE, Plaintiff Viccheat Sim respectfully requests that the Court:

(1) Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

(2) Declare that Defendants' failure to produce the requested records is unlawful;

(3) Declare that Plaintiff is entitled to disclosure of the requested records;

(4) Order Defendants to immediately process and disclose all records responsive to the FOIA requests that are not specifically exempt from disclosure under FOIA;

(5) Enjoin Defendants from continuing to withhold any and all nonexempt records responsive to the FOIA request;

(6) Award reasonable attorney's fees and costs of litigation under 5 U.S.C. § 552(a)(4)(E); and

(7) Grant all other relief that the Court deems just and proper.

Dated: August 19, 2026

Respectfully submitted,

/s/ Matthew Underwood
Matthew Underwood (DC Bar # 1030122)
*Attorney for Plaintiff Viccheat Sim*

Sarah Grady
Matthew Underwood
David Schmutzer
Mattie Haag
KAPLAN & GRADY LLC
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
matt@kaplangrady.com